O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On August 18, 2006, Plaintiff Rosemary Dorsett filed this products liability suit against Sandoz, Inc. ("Sandoz") and 50 fictitiously named defendants ("Does 1-50").[1] Plaintiff alleges that her son's ingestion of fluoxetine (the generic name for Prozac) that Sandoz manufactured played a causative role in her son's August 20, 2004 suicide. On February 14, 2008, the Court stayed this case pending the Supreme Court's preemption decision in *Wyeth v. Levine*, —U.S.—, 129 S.Ct. 1187 (2009). While this case was stayed, on November 7, 2008, the California Court of Appeal issued a ruling that, for the first time in any jurisdiction, held that a "brand name" manufacturer may be held liable for injuries suffered by a patient who purchased a generic form of the drug if the injuries were foreseeably caused by negligent or intentional misrepresentations of the pharmaceutical company that developed the drug. *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 110-11 (Ct. App. 2008). On December 11, 2008, based on the *Conte* decision, Plaintiff moved to lift the stay to amend her operative complaint to substitute Defendant Eli Lilly and Company ("Lilly") in place of "Doe 1." On December 30, 2008, the Court granted the motion, and Plaintiff filed a Second Amended Complaint ("SAC") on January 6, 2009. Lilly filed its answer to the SAC on April 15, 2009. Now Lilly has moved for judgment on the pleadings on the grounds that the claims against Eli Lilly are time-

---

[1] Novartis Corporation, an affiliate of Sandoz, was also briefly named as a defendant, but it was voluntarily dismissed on December 21, 2006.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |

barred. For the following reasons, the Court DENIES the motion.[2]

## II.  LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS

After the pleadings are closed but early enough not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchey v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

As with Rule 12(b)(6) motions, "[g]enerally, a district court may not consider any material beyond the pleadings[.] . . . However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted); WILLIAM W SCHWARZER, ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ("RUTTER GUIDE") § 9:339.1 (2005). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss[,]" or on a Rule 12(c) motion, without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*citing Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). "The district court will not accept as true pleading allegations that are contradicted by facts that can be

---

[2]Docket No. 98.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |

judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004).

## III.  DISCUSSION

In the first cause of action, the SAC alleges negligence against both Lilly and Sandoz, and refers as well to their misrepresentations concerning the risks of using fluoxetine. There is no claim against Lilly for strict liability. Plaintiff substituted Lilly for "Doe 1" after the two-year statute of limitations for wrongful death and personal injury had already run. Cal. Code Civ. Proc. § 335.1. Thus, the sole question for the Court to resolve here is whether the substitution of Lilly "related back" to the filing of the original complaint under Cal. Code Civ. Proc. § 474.

Section 474 allows for relation back to the date of the filing of the original complaint "[w]hen the plaintiff is ignorant of the name of a defendant" and she states as much in the complaint. *Id.* The substitution of the named defendant must occur within three years of the filing of the complaint. Cal. Code Civ. Proc. § 583.210; *Lindley v. General Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986).

The parties agree that Plaintiff was literally aware of Lilly's name at the time she filed her original complaint. Motion at 5; Opp'n at 3 n.1. However, "[t]he ignorance requirement of § 474 has not been interpreted literally." *Kreines v. United States*, 959 F.2d 834, 837 (9th Cir. 1992); *see Marasco v. Wadsworth*, 21 Cal. 3d 82, 88 (1978).

Of particular relevance to this case, the California Supreme Court has held that a plaintiff is deemed ignorant of a defendant's name for the purposes of § 474 if she "knew the name and all the facts but was unaware that the law gave [her] a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action." *Marasco*, 21 Cal. 3d at 88 (quoting *Barnes v. Wilson*, 40 Cal. App. 3d 199, 205 (Ct. App. 1974).

Here, Plaintiff was unaware that the law permitted her a cause of action against Lilly (such as the one set forth in the SAC's first cause of action) until the California Court of Appeal's decision in *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 110-11 (Ct.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |

App. 2008). Prior to *Conte*, every single court to address the issue of brand-name-manufacturer liability for conduct leading to or arising out of the generic version of a drug had concluded that the brand-name manufacturer was not liable. *See Foster v. American Home Products Corp.*, 29 F.3d 165, 171 (4th Cir. 1994); *Colacicco v. Apotex, Inc.*, 432 F. Supp. 2d 514, 540-41 (E.D. Pa. 2006) (compiling all ten court rulings to-date addressing brand-name-manufacturer liability for a generic product and finding that every court had either adopted the *Foster* reasoning or cited *Foster* with approval), *vacated and remanded for reconsideration on a separate issue*, 129 S.Ct. 1578 (2009); *Goldych v. Eli Lilly & Co.*, 2006 WL 2038436 (N.D.N.Y. July 19, 2006) at *6 (adopting *Foster* and *Colacicco* rationale). The *Conte* court was the first to allow brand-name manufacturer liability for a generic drug.[3] Because Plaintiff was unaware prior to *Conte* that a cause of action existed against Lilly, the substitution of Lilly relates back to the filing of the original complaint.

Lilly argues that the fact that no statute or binding case law existed prohibiting Plaintiff from filing suit against it originally should change the outcome. It is true that the plaintiff in *Marasco* was prohibited from filing suit against the defendant in question at the time the suit was filed due to a statute that was later held to be unconstitutional. *Marasco*, 21 Cal. 3d at 85. However, the *Marasco* court did not focus on that fact, but instead premised its decision on the fact that Plaintiff ". . . 'was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action .'" *Id.* at 88. (citation deleted).

Defendant cites to no authority compelling the conclusion that the change-in-law analysis under § 474 requires an existing, contrary California precedent. In the cases that Defendant cites that refuse to apply § 474 to allow a substitution, there was no change in

---

[3]Defendant argues unconvincingly that *Conte* did not create a new cause of action under California law. Defendant quotes such judicial platitudes as "Our decision today is rooted in common sense and California common law. We are not marking out new territory . . . ." as proof that a claim for brand-name-manufacturer liability already existed in California. *Conte*, 168 Cal. App. 4th at 102. However, the fact remains that no California court—and indeed no court in the country—had ever recognized brand-name manufacturer liability prior to *Conte*.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |

the underlying law.  *See Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (Ct. App. 1999); *Snoke v. Bolen*, 235 Cal. App. 3d 1427, 1432 (Ct. App. 1991); *Miller v. Thomas*, 121 Cal. App. 3d 440, 445-46 (Ct. App. 1981); *Scherer v. Mark*, 64 Cal. App. 3d 834, 840 (Ct. App. 1976); *Powell v. Coffee Beanery*, 965 F. Supp. 971, 976 (E.D. Mich. 1997) (applying California law).

At best, Defendant's cases illustrate that a "tactical choice" to omit the name of a "Doe" defendant when the attorney already knows the facts underlying the claim is not permitted.  *Miller*, 121 Cal. App. 3d at 445-46.  However, the decision of Plaintiff's attorneys here was not a mere "tactical choice."  Attorneys have a responsibility to their clients and to the courts not to file meritless claims.  They could be sanctioned for filing claims or other legal contentions that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Fed. R. Civ. P. 11.  Although there was no binding or contrary California authority at the time, some dozen courts across the country had ruled that no brand-name-manufacturer liability existed when Plaintiff filed her complaint.

## IV. CONCLUSION

Under § 494, this Court relates back Plaintiff's post-*Conte* substitution of Lilly to the filing of the original complaint and holds that the claims against Lilly are not time-barred.  For the foregoing reasons, the Court DENIES Lilly's motion for judgment on the pleadings.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7821 AHM (AJWx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | DORSETT v. SANDOZ, INC. *et al.* | | |