| | |
|---|---|
| 1 | Frank C. Rothrock (SBN: 54452) |
|   | frothrock@shb.com |
| 2 | Natasha L. Mosley (SBN: 246352) |
|   | nmosley@shb.com |
| 3 | SHOOK, HARDY & BACON L.L.P. |
|   | Jamboree Center |
| 4 | 5 Park Plaza, Suite 1600 |
|   | Irvine, California 92614-2546 |
| 5 | Telephone: (949) 475-1500 |
|   | Facsimile: (949) 475-0016 |
| 6 | |
| 7 | Andrew See (*admitted pro hac vice*) |
|   | asee@shb.com |
| 8 | Christopher Gramling (*admitted pro hac vice*) |
|   | cgramling@shb.com |
| 9 | SHOOK, HARDY & BACON L.L.P. |
|   | 255 Grand Boulevard |
| 10 | Kansas City, Missouri 64108-2613 |
|   | Telephone: (816) 474-6550 |
| 11 | Attorneys for Defendant Eli Lilly and Company |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY DORSETT, individually and as successor-in-interest to the Estate of NOE CARRASCO, deceased, | Case No. 2:06-cv-7821 AHM (AJWx) |
| | Judge: Hon. A. Howard Matz |
| Plaintiff, | **ELI LILLY AND COMPANY'S MOTION FOR CLARIFICATION, OR, ALTERNATIVELY, MODIFICATION, OF THE COURT'S JANUARY 12, 2011 STAY ORDER** |
| vs. | |
| SANDOZ, INC., a Delaware corporation; ELI LILLY AND COMPANY, an Indiana Corporation (formerly Doe 1); and DOES 2-50, | (Filed Concurrently with Declaration of Christopher Gramling and [Proposed] Order) |
| Defendants. | Date: March 21, 2011 |
| | Time: 10:00 a.m. |
| | Ctrm.: 14 |
| | Third Amd. Compl. filed 12/23/10 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, March 21, 2011, at 10:00 a.m., in Courtroom 14 of the above-captioned court, located at 312 N. Spring Street, Los

Angeles, California, the Honorable Judge A. Howard Matz presiding, or as soon thereafter as the matter may be heard, Defendant Eli Lilly and Company ("Lilly") will move this Court for an order clarifying, or, in the alternative, modifying the Court's January 12, 2011 Order staying this case pending the Supreme Court's rulings in *Actavis v. Demahy* (09-1501), *Pliva, Inc. v. Mensing* (09-993), and *Actavis Elizabeth, LLC v. Mensing* (09-1039). *See* Doc. No. 238.

On January 26, 2011, counsel for Lilly gave notice of this motion and its content to Bijan Esfandiari, counsel of record for Plaintiff and Stephen A. Klein, counsel of record for Defendant Sandoz Inc. ("Sandoz"). Mr. Klein indicated that Sandoz did not oppose the motion. Mr. Esfandiari indicated that plaintiff intends to oppose the motion. The details of the January 26, 2011 conference are set forth in the Declaration of Christopher Gramling, filed concurrently herewith. On February 1, 2011, Lilly filed an *ex parte* motion for clarification, or alternatively, modification of the Court's January 12, 2011 order. On February 3, 2011, the Court denied Lilly's request for *ex parte* relief but held that Lilly was "not precluded from filing a noticed motion on the same grounds." *See* Court Order Denying Defendants' *Ex Parte* Motion, Doc. No. 239.

This motion is based on the pleadings on file in this action, the attached Memorandum of Points and Authorities, the Declaration of Christopher Gramling filed concurrently herewith, and such further evidence and argument as may be presented at the hearing on this motion.

Dated: February 9, 2011

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: ___/s/ Natasha L. Mosley___
     Frank C. Rothrock
     Natasha L. Mosley
Attorneys for Defendant Eli Lilly and Company

2

85466 v2

## MEMORANDUM OF POINTS AND AUTHORITIES

Lilly respectfully submits this Motion for Clarification, or, in the alternative, Modification of the Court's January 12, 2011 Order ("Stay Order") staying this case pending the Supreme Court's rulings in *Actavis v. Demahy* (09-1501), *Pliva, Inc. v. Mensing* (09-993), and *Actavis Elizabeth, LLC v. Mensing* (09-1039). (*See* Doc. No. 238.) The Stay Order directed the parties not to conduct additional discovery without leave of Court or until the stay is lifted, and also instructed the parties to respond to written discovery requests that previously were served.

As outlined below, the burdens and expenses of discovery, particularly with respect to document production, in this case have already impacted Lilly most significantly and disproportionately. Accordingly, Lilly respectfully requests that the Court clarify, or modify, the stay so that it clearly applies to *all* discovery between the parties, including document production, thereby securing a stay that impacts all parties equally. As Lilly's documents are already subject to preservation under a litigation hold, a complete stay of discovery between the parties would not result in loss of documents.

## BACKGROUND

This is a products liability case in which plaintiff claims injuries allegedly stemming from decedent's use of generic fluoxetine. It is undisputed that decedent did not use brand name Prozac® manufactured by Lilly. Plaintiff asserts claims against Lilly allegedly premised on the holdings in *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 112 85 Cal. Rptr. 3d 299 (2008). However, the prescribing physician in this case, Dr. Abend, testified unequivocally that he did not read or rely on the label or PDR entry for Prozac®, in making his decision to prescribe generic fluoxetine to decedent.

Since Lilly has been joined in the case, plaintiff has aggressively pursued discovery against Lilly. To date, Lilly has already responded to 126 requests for

production of documents and 28 interrogatories. Lilly has also produced 1.3 million pages of documents to plaintiff and has made another nearly one million pages available for inspection by plaintiff's counsel. Such production has been extensive, burdensome, and costly to Lilly.

On December 23, 2010, the Court ordered the parties to submit briefing regarding whether a stay was appropriate. Lilly did not oppose the stay, and reasonably assumed that a stay would apply to all case activities and would impact all parties equally.[1] Plaintiff opposed, claiming that a stay might impair her ability to obtain discovery from third parties. *See* Plaintiff's Response to the Court's Order to Show Cause re: Why This Case Should Not Be Stayed, Doc. No. 234 at 4. Specifically, plaintiff argued that Dr. Abend had been unable to recall "key dates" during his August 2010 deposition. *Id.* at n. 6. Plaintiff also suggested – without support or specificity – that a stay might "lead to the destruction of additional evidence and the fading of memories." *Id.* at 4. Plaintiff's opposition expressed no such concerns about discovery from Lilly and, indeed, acknowledged that Lilly had already produced 1.3 million pages of documents. *See id.* at n. 5. Given that Lilly's documents are subject to a litigation hold, plaintiff could not credibly claim that a stay would result in the loss of such documents.

On January 12, 2011, the Court issued an Order staying the case. The Stay Order barred the parties from engaging in further discovery without court approval and ordered the parties to respond to any previously served written discovery. *See* Doc. No. 238. As indicated above, Lilly has already responded to numerous and burdensome written discovery requests, and has also engaged in extensive document production efforts. Lilly does not believe that the Stay Order contemplates or requires that Lilly continue extensive and costly document production efforts, or that the parties litigate supposed discovery deficiencies, during the stay.

---

[1] Defendant Sandoz also did not oppose the stay.

Plaintiff construes the Stay Order to require Lilly to continue producing documents in response to her voluminous requests, and apparently intends to litigate alleged deficiencies in defendants' various discovery responses and document productions during the course of the stay. Accordingly, Lilly respectfully moves for an order clarifying that the stay applies to all discovery between the parties. In the alternative, due to the significant, and largely one-sided, burdens that continued document production would impose on Lilly and the absence of concern that documents in Lilly's possession will be lost, Lilly moves for an order modifying the Stay Order so that it operates to stay all discovery between the parties.

## ARGUMENT

Lilly respectfully requests that the Court construe the Stay Order to suspend all discovery between the parties for the following reasons:

Allowing document production and other written discovery to continue during the stay would impose an inequitable burden upon Lilly while all activity in the case is otherwise stayed. Plaintiff has served multiple sets of discovery against Lilly, totaling 126 requests for production and 28 interrogatories. Lilly has undergone the expense and effort of preparing and serving written responses to all of these requests, has produced 1.3 million pages of documents, and has made an additional one million pages available for plaintiff to inspect. Lilly's production efforts constitute the overwhelming majority of documents produced in this case. Indeed, plaintiff has acknowledged, highlighted, and applauded Lilly's efforts in prior submissions to this Court. If required to continue to produce documents during the course of the stay, the disproportionate cost of discovery would continue to be absorbed by Lilly despite the undisputed fact that decedent did not use a Lilly product. Any claim by plaintiff that Lilly should be required to bear such disproportionate costs during the course of a stay is tantamount to arguing that the stay should not apply to Lilly. However, the Court has already rejected such an argument. *See* Stay Order, Doc. No. 238 at 1 (noting that

"it would be pointless and contrary to fundamental principles of the efficient administration of justice to stay the case only as to Defendant [Sandoz]").

Moreover, a complete stay of discovery between the parties poses no risk of unfair prejudice to plaintiff. Plaintiff's claim that she might be prejudiced by a stay was explicitly premised on her alleged concern that a stay might hinder her efforts to obtain discovery from *third parties*. *See* Doc. 234 at n. 6. Such a concern does not warrant requiring Lilly to continue to engage in expensive document production during the stay.[2] A complete stay of discovery between the parties will not affect the preservation of evidence or prejudice plaintiff's future ability to obtain documents from Lilly. Indeed, Lilly has implemented a litigation hold on documents. Accordingly, a complete stay of discovery between the parties will not prejudice plaintiff. *See Ho Keung Tse v. Apple, Inc.*, No. C-06-06573-SBA, 2010 WL 1838691 at *3, n. 2 (N.D. Cal. May 5, 2010) (rejecting argument that plaintiff was prejudiced where defendant took steps to preserve evidence); *Pokorny v. Quixtar Inc.*, No. 07-00201-SC, 2008 WL 1787111 at *2 (N. D. Cal. Apr. 17, 2008) ("Defendants previously agreed to preserve all evidence, so a stay pending appeal will not prejudice Plaintiffs' ability to conduce discovery and prosecute the action should it go forward after the appeal.").

Finally, a complete stay of discovery between the parties will further "the goal of efficiency for the courts." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Without a complete stay of discovery between the parties, plaintiff's expansive requests could become the subject of discovery disputes that this Court will have to resolve. Indeed, recent correspondence and communication from plaintiff's counsel have made it clear that plaintiff intends to litigate possible discovery disputes during the stay. A complete stay of discovery between the parties would prevent the Court

---

[2] If plaintiff wishes to continue her pursuit of wide-ranging discovery efforts against third parties to satisfy alleged concerns regarding loss of evidence, Lilly neither objects to nor opposes plaintiff's efforts to that end.

from having to address such possible disputes during the stay.

To advance the efficient and fair administration of this case, and to prevent the one-sided expenditure of considerable resources by Lilly, a complete stay of discovery between the parties is warranted.

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court clarify or modify the Stay Order to make clear that the stay applies to Lilly's document production efforts.

Dated: February 9, 2011

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: ___/s/ Natasha L. Mosley___
Frank C. Rothrock
Natasha L. Mosley
Attorneys for Defendant Eli Lilly and Company

85466 v2

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On February 9, 2011, I served on the interested parties in said action the within:

**LILLY'S MOTION FOR CLARIFICATION, OR, ALTERNATIVELY, MODIFICATION OF THE COURT'S JANUARY 12, 2011 STAY ORDER**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☐ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 9, 2011, at Irvine, California.

Deborah Hohmann
(Type or print name)

_____
(Signature)

72143

## SERVICE LIST

| | |
|---|---|
| Michael L. Baum, Esq.<br>Kate E. Gillespie, Esq.<br>Bijan Esfandiari, Esq.<br>Baum Hedlund Aristei & Goldman<br>12100 Wilshire Blvd., Suite 950<br>Los Angeles, CA  90025-7106<br><br>Tel:  (310) 207-3233<br>Fax:  (310) 207-4204<br>mbaum@baumhedlundlaw.com<br>besfandiari@baumhedlundlaw.com<br>kgillespie@baumhedlundlaw.com<br>**Counsel for Plaintiff** | Arnold Anderson Vickery, Esq.<br>Paul Waldner, Esq.<br>Vickery, Waldner & Mallia, LLP<br>One Riverway Drive, Suite 1150<br>777 S. Post Oak Lane<br>Houston, TX  77056<br><br>Tel:  (713) 526-1100<br>Fax:  (713) 523-5939<br>**Co-counsel for Plaintiff** |
| Richard A. Clark, Esq.<br>Natasha N. Dawood, Esq.<br>Parker Milliken Clark, et al.<br>555 South Flower Street, 30th Floor<br>Los Angeles, CA  90071<br><br>Tel:  (213) 683-6500<br>Fax: (213) 683-6669<br>rclark@pmcos.com<br>ndawood@pmcos.com<br>**Counsel for Sandoz, Inc** | Joe G. Hollingsworth, Esq.<br>Eric G. Lasker, Esq.<br>Stephen A. Klein, Esq.<br>Michael R. Keenan, Esq.<br>Hollingsworth LLP<br>1350 I Street, N.W.<br>Washington, DC  20005<br><br>Tel:  (202) 898-5800<br>Fax:  (202) 682-1639<br>kgriffis@hollingsworthllp.com<br>sklein@hollingsworthllp.com<br>mkeenan@hollingsworth.com<br>**Counsel for Sandoz, Inc.** |

72143